UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID SMITH,

                Plaintiff,

v.

THE CITY OF YONKERS; *and* JOHN DOES 1-2, *Yonkers Police Officers*,

                Defendants.

No. 19-CV-0797 (KMK)

ORDER OF DISMISSAL

KENNETH M. KARAS, United States District Judge:

David Smith ("Plaintiff") brings this Action pro se against The City of Yonkers ("Yonkers") and Yonkers Police Officers John Does 1-2 ("John Doe Defendants") (collectively, "Defendants"). (*See* Compl. (Dkt. No. 2).) Plaintiff applied to proceed In Forma Pauperis ("IFP") on January 25, 2019, (Dkt. No. 1), and his request was granted on January 28, 2019, (Dkt. No. 4). Defendants identified the John Doe Defendants on May 1, 2019, (Dkt. No. 10), but Plaintiff has not submitted an amended complaint naming the identified Defendants. Moreover, the case was scheduled for an initial conference on October 8, 2019, and Plaintiff did not appear. (*See* Dkt. No. 12; *see also* Order to Show Cause (Dkt. No. 13).) Although Plaintiff was incarcerated when he commenced this Action, (*see* Dkt. (entry for Jan. 29, 2019)), Plaintiff notified the Court of a new address on April 1, 2019, (Dkt. No. 9), indicating that he is no longer incarcerated, and Plaintiff has not communicated with the Court since regarding any change in his address or status. Accordingly, following Plaintiff's failure to appear for the October 8 conference, the Court issued an Order to Show Cause on October 8, 2019, giving Plaintiff 30

days to respond as to why the case should not be dismissed for failure to respond. (*See* Order to Show Cause). Plaintiff has not responded.

This Court has the authority to dismiss a case for failure to prosecute. *See* Fed. R. Civ. P. 41(b). Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order." Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute sua sponte. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

While dismissal under Rule 41(b) is subject to the sound discretion of the district courts, *see U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004), the Second Circuit has stated that a Rule 41(b) dismissal is a "harsh remedy to be utilized only in extreme situations," *LeSane*, 239 F.3d at 209 (internal quotation mark omitted) (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)). The Second Circuit has further cautioned, "pro se plaintiffs should be granted special leniency regarding procedural matters." *Id.* (citing *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "However, even pro se litigants must prosecute claims diligently, and dismissal with prejudice is warranted where the [c]ourt gives warning." *Jacobs v. County of Westchester*, No. 99-CV-4976, 2008 WL 199469, at *3 (S.D.N.Y. Jan. 22, 2008).

Before exercising its discretionary authority to dismiss for failure to prosecute, a district court should consider the following factors:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a

2

> party's right to due process and a fair chance to be heard . . . and [5] whether the
> judge has adequately assessed the efficacy of lesser sanctions.

*Hardimon v. Westchester County*, No. 13-CV-1249, 2014 WL 2039116, at *1 (S.D.N.Y. May 16, 2014) (alterations in original) (quoting *LeSane*, 239 F.3d at 209). No single factor is dispositive. *See LeSane*, 239 F.3d at 210; *Hardimon*, 2014 WL 2039116, at *1.

The Court concludes that these factors weigh in favor of dismissal of this Action. Plaintiff filed the Complaint on January 25, 2019, (Compl.), and his only other communication to the Court was a change of address notice filed on April 1, 2019, (Dkt. No. 9), well over seven months ago. The Order of Service made clear to Plaintiff that he had 30 days to amend his Complaint following the receipt of identifying information from Defendants as to the names of the John Doe Defendants. (Order of Service 2 (Dkt. No. 6).) Defendants provided this information to Plaintiff and the Court on May 1, 2019. (Dkt. No. 10). It has now been well over six months, and Plaintiff has not amended the Complaint. Plaintiff also failed to respond to the Order to Show Cause, which was issued over 40 days ago. (*See* Order to Show Cause.)

Accordingly, this Action is dismissed without prejudice for failure to prosecute. *See Osborn v. Montgomery*, No. 15-CV-9730, 2018 WL 2059944, at *3 (S.D.N.Y. Apr. 6, 2018) (dismissing case where the plaintiff's "failure to communicate with the Court or opposing counsel . . . delayed [the] matter for five months"), *adopted by* 2018 WL 2059842 (S.D.N.Y. May 1, 2018), *appeal dismissed* 2019 WL 2369924 (2d Cir. Jan. 16, 2019); *Mena v. City of New York*, No. 15-CV-3707, 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017) (noting that "a pro se plaintiff is not exempt from complying with court orders and must diligently prosecute his case"); *Salem v. City of New York*, No. 16-CV-7562, 2017 WL 6021646, at *2 (S.D.N.Y. Dec. 4, 2017) ("A delay of eight months to one year in prosecuting a case falls comfortably within the

time frames found sufficient in successful Rule 41(b) motions to dismiss." (internal quotation marks omitted)).

The Clerk of Court is directed to mail a copy of this Order to Plaintiff and to close this case.

SO ORDERED.

DATED: November 20, 2019
White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE